UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| AJSHAY  JAMES | )( | |
| *Plaintiff* | )( | |
| | )( | Civil No: |
| VS. | )( | |
| | )( | Jury Trial Demand |
| AZELIA WALKER-SMITH | )( | |
| MONICA SANDERS | )( | |
| CANDACE J. BROUSSARD-WHITE | )( | |
| MARILYN POLK | )( | |
| ERICKA DAVIS | )( | |
| SHERRY GOMEZ | )( | |
| SHELLY MARTIN | )( | |
| KATIE C. EVANS | )( | |
| AMY LYNN SMALL | )( | |
| CARA G.  LYE | )( | |
| JEANINE GRAF | )( | |
| RICARDO QUINONEZ | )( | |
| (In their individual capacities) | )( | |
| *Defendants* | )( | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Introduction

This 4-count civil rights complaint, brought under 42 U.S.C. § 1983, arises from the actions –and failures to act – of the Texas Department of Family & Protective Services ("TDFPS" named employees: investigators, their respective supervisors, program directors; and the regional directors and from the actions and failures to act –of the Texas Children's Hospital ("TCH" named social worker(s), doctors, staff, their respective supervisors; and the managers – all who were directly involved and participated in the wrongful removal and retention of HW without an investigation, warrant or court order through an improper investigation; by the use of false and misleading statements forming the basis of the removal; by allowing and participating in improper supervision and oversight; and then refusing to place HW with Ajshay J., without proper cause. The actions of the named Defendants, that violated Ajshay J.'s constitutional rights, start on, or about September 6th ,2017and continued until now. Ajshay J. is seeking damages against Defendants for the commission of acts - or the failures to act – under color of State Law, that deprived -James' parental rights as guaranteed under the Fourteenth Amendment to the United States Constitution secured by law of the Constitution of the United States.

### JURISDICTION AND VENUE

Because this action is brought under 42. U.S.C. § 1983, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

Venue is proper in this judicial district, under 28 U.S.C. § 1391(b), because a substantial portion of the events, or omissions, giving rise to Plaintiffs' claims occurred in the Southern District of Texas, Houston Division, in that:

Plaintiff, at all relevant times, resided in Harris County, Texas; and Defendants are found, or are employed, or at the time of the incidents giving rise to this suit were so employed, in the Southern District of Texas, Houston Division.

Defendant, Ericka Davis, was -- at the time of her unconstitutional acts in this case, including Sept 6th ,2017 through September 11th, 2019, an employee of TDFPS. She is being sued by Plaintiff in her individual capacity.

Defendant, Candace J. Broussard-White, was -- at the time of her unconstitutional acts in this case, including Sept 6th ,2017 through September 11th, 2019, an employee of TDFPS. She is being sued by Plaintiff in her individual capacity.

Defendant, Sherry Gomez, was -- at the time of her unconstitutional acts in this case, including Sept 6th ,2017 through September 11th, 2019, an employee of TDFPS. She is being sued by Plaintiff in her individual capacity.

Defendant, Monica Sanders, was -- at the time of her unconstitutional acts in this case, including Sept 6th ,2017 through Sept 11th, 2019, an employee of TDFPS. She is being sued by Plaintiff in her individual capacity.

Defendant, Marilyn Polk, was -- at the time of her unconstitutional acts in this case, including Sept 6th ,2017 through September 11th, 2019, an employee of TDFPS. She is being sued by Plaintiff in her individual capacity.

Defendant, Shelly Martin was -- at the time of her unconstitutional acts in this case, including September 6th, 2017 through September 11th, 2017, an employee of TDFPS. She is being sued by 1Plaintiff in her individual capacity

Defendant Azelia Smith, was -- at the time of her unconstitutional acts in this case, including September 6th, 2017 through September 11th, 2019, an employee of TDFPS. She is being sued by Plaintiffs in her individual capacity.

Defendant Amy Lynn Small, was -- at the time of her unconstitutional acts in this case, including September 6th, 2017 through September 11th, 2019, an employee of TCH. She is being sued by Plaintiffs in her individual capacity.

Defendant Cara G. Lye, was -- at the time of her unconstitutional acts in this case, including September 6th, 2017 through September 11th, 2019, an employee of TCH. She is being sued by Plaintiffs in her individual capacity.

Defendant Jeanine Graf, was -- at the time of her unconstitutional acts in this case, including September 6th, 2017 through September 11th, 2019, an employee of TCH. She is being sued by Plaintiffs in her individual capacity.

Defendant Katie C. Evans, was -- at the time of her unconstitutional acts in this case, including September 6th, 2017 through September 11th, 2019, an employee of TCH. She is being sued by Plaintiffs in her individual capacity.

Defendant Ricardo Quinones, was -- at the time of his unconstitutional acts in this case, including September 6th, 2017 through September 11th, 2019, an employee of TCH. He is being sued by Plaintiffs in his individual capacity.

## PARTIES

Plaintiff, Ajshay James at all relevant times, resided in Harris County, Texas; and Defendants are found, or are employed, or at the time of the incidents giving rise to this suit were so employed, in the Southern District of Texas, Houston Division.

Defendant, Ericka Davis, was -- at the time of her unconstitutional acts in this case, including Sept 6th ,2017 through September 11th, 2019, an employee of TDFPS. She is being sued by Plaintiff in her individual capacity.

Defendant, Candace J. Broussard-White, was -- at the time of her unconstitutional acts in this case, including Sept 6th ,2017 through September 11th, 2019, an employee of TDFPS. She is being sued by Plaintiff in her individual capacity.

Defendant, Sherry Gomez, was -- at the time of her unconstitutional acts in this case, including Sept 6th ,2017 through September 11th, 2019, an employee of TDFPS. She is being sued by Plaintiff in her individual capacity.

Defendant, Monica Sanders, was -- at the time of her unconstitutional acts in this case, including Sept 6th ,2017 through Sept 11th, 2019, an employee of TDFPS. She is being sued by Plaintiff in her individual capacity.

Defendant, Marilyn Polk, was -- at the time of her unconstitutional acts in this case, including Sept 6th ,2017 through September 11th, 2019, an employee of TDFPS. She is being sued by Plaintiff in her individual capacity.

Defendant, Shelly Martin was -- at the time of her unconstitutional acts in this case, including September 6th, 2017 through September 11th, 2017, an employee of TDFPS. She is being sued by 1Plaintiff in her individual capacity

 Defendant Azelia Smith, was -- at the time of her unconstitutional acts in this case, including September 6th, 2017 through September 11th, 2019, an employee of TDFPS. She is being sued by Plaintiffs in her individual capacity.

Defendant Amy Lynn Small, was -- at the time of her unconstitutional acts in this case, including September 6th, 2017 through September 11th, 2019, an employee of TCH. She is being sued by Plaintiffs in her individual capacity.

Defendant Cara G. Lye, was -- at the time of her unconstitutional acts in this case, including September 6th, 2017 through September 11th, 2019, an employee of TCH. She is being sued by Plaintiffs in her individual capacity.

Defendant Jeanine Graf, was -- at the time of her unconstitutional acts in this case, including September 6th, 2017 through September 11th, 2019, an employee of TCH. She is being sued by Plaintiffs in her individual capacity.

Defendant Katie C. Evans, was -- at the time of her unconstitutional acts in this case, including September 6th, 2017 through September 11th, 2019, an employee of TCH. She is being sued by Plaintiffs in her individual capacity.

Defendant Ricardo Quinones, was -- at the time of his unconstitutional acts in this case, including September 6th, 2017 through September 11th, 2019, an employee of TCH. He is being sued by Plaintiffs in his individual capacity.

*PLAINITFF RESERVES THE RIGHT TO AMEND HER COMPLAINT TO CURE ANY DEFECIENCIES*

**STATEMENT OF FACTS GIVING RISE TO CLAIMS FOR RELIEF**

To be clear, Plaintiff is not seeking a review of any State Court Judgments or making any collateral attacks on such. Plaintiff is also not a "state court loser" or looking to relitigate any state court claims. Plaintiff is seeking an independent claim based on named defendants' conduct

prior to the initiation of the State court proceedings. The case against Plaintiff was dismissed.

(To save time, Rooker Feldman does not apply here)

A. HW was admitted as part of a rescue to Texas Children Hospital 8/28/2017 during Hurricane Harvey due to her home being flooded. She had an active plan of care due to her medical diagnosis. HW was successfully discharged along with the Plaintiff on September 5th, 2017 by Dr Eric Choy.

B. On September 6th 2017, Investigators Davis and Martin showed up to Plaintiff 's temporary residence, stated that they were just at the hospital looking for her and demanded that Plaintiff take HW back to Texas Children's Hospital due to an allegation that, Plaintiff gave HW medication that she did not need and Plaintiff left against medical advice. They gave Plaintiff the option to go back to the hospital or they'd take HW for good. Confused and worried, Plaintiff immediately gathered her things and got in the car with Davis.

C. Plaintiff, Davis and Martin arrived at Texas Children's Hospital West Campus, 3rd floor and was greeted by Amy Small, the hospital's Social Worker. They escorted plaintiff and HW to a private room. Amy Small then took HW from Plaintiff and told plaintiff to walk to the right of the hallway. Flabbergasted! Plaintiff stated she had questions Small responded "I don't have any answers". Plaintiff was directed to Davis and Shellie who also did not give her any answers and just took her home. Davis only handed her a card.

D. September 7th, 2017, Plaintiff received a voluntary plan from Davis and was advised that she only needed a signature to acknowledged that it was received. September 8th, Smith

contacted Plaintiff's attorney Cheyrl Alsandor, from her previous custody case. Plaintiff's attorney asked for a court order and was advised that they did not have one to take HW and that the separation was at the request of the hospital social worker. Plaintiff's attorney advised Smith that she wanted to terminate any voluntary agreement they have with Plaintiff regarding HW. Smith advised her that she'd call her right back but did not. September 9th, 2017, 3 days after taking HW, TDFPS Smith and Davis attempted to get an EMERGENCY REMOVAL for HW and was unsuccessful due to HW not being in imminent or immediate danger. Knowing this, Smith and Davis kept HW away from her mother, the Plaintiff, and falsely imprisoned HW at TCH West Campus.

E.  Knowing that HW was allowed to be released to Plaintiff; Small, Davis and Smith decided that she did not agree and asked a doctor to put in their notes that HW did not need to be in Plaintiff's care which were previously not there in effort to obtain an emergency removal. Smith, Davis and Small kept HW from plaintiff and in the hospital until an emergency removal was finally obtained September 14th, 2017 after having a doctor, Cara Lye manipulate HWs medical records. Graf and Quinones failed to train Cara Lye on procedure and law. Lye's actions of medical record manipulation and her detailed plan in concert with Graf, Evans, Small to violate Plaintiff's rights and falsely imprison HW as there was no court order in place and the defendants knew this fact and disregarded it.

F.  Additionally, Gomez, Polk, Broussard-White, Sanders and Smith failed to maintain oversight over Martin and Davis. Gomez, Polk, Broussard-White, Sanders and Smith clearly did not properly train Davis or Martin on the warrant requirements of the 4th Amendment, TDFPS

policy, nor what imminent danger means under the TDFPS policy and procedures. In order to act and make any decisions on an assigned case, TDFPS Investigators must "Staff" with their program directors and supervisor to obtain permission to obtain an emergency removal per TDFPS policy. Although Smith was directly involved, she failed to train Martin and Davis. Gomez, Polk, Broussard-White, Sanders clearly did not properly train Smith in TDFPS policy and procedures of law and/or maintain oversight of Smith who was to oversee the actions of Davis and Martin.

CLAIMS FOR RELIEF

**COUNT I:**

**AJSHAY JAMES's 42 U.S.C. § 1983**

**Claim for Violation of the Substantive Due Process Rights to**

**Familial Association and Integrity Under the U.S. Constitution**

The Plaintiffs in Count I: Ajshay James

Defendants incorporate paragraphs A-F as if fully set forth herein.

The Count I Defendants Azelia Smith, Sherry Gomez, Marilyn Polk, Katie C. Evans, Amy Small, Erica Davis, Shelly Martin, Cara G. Lye, Ricardo Quinones, Jeanine Graf, Candace J, Broussard-White and Monica Sanders are sued in their respective individual capacities, save for Small, Quinones, Graf, Evans and Lye.

Count I Defendants, acting , Individually and in concert with one another, from September 6th 2017 through September 14th, 2017, violated Ajshay James's substantive due process rights to familial association, familial autonomy, familial integrity, and family privacy by arbitrarily separating HW from her mother, the Plantiff, and into State protective custody without possessing the requisite definite and articulable evidence giving rise to a reasonable suspicion that HW had been, or would be abused or neglected, by Ajshay James.

Moreover, by restricting Ajshay James' parental rights, and by falsely representing the facts and legal basis upon which these conditions were imposed, they did not have a court order and they knew James was allowed to pick HW up but refused to allow her even after a failed attempt to obtain an emergency order of removal 9/9/2017 the Count I Defendants, acting individually and, in concert with one another, further violated Ajshay James's substantive due process rights to familial association, familial autonomy, familial integrity, and family privacy without the constitutionally requisite evidence required to impose such restrictions.  Defendants Smith, Davis, Martin, Small and Lye's maliciously fabricated evidence, threats and harassment, and an array of violations of the TDFPS's policies and procedures to secure HW's removal from her mother, the Plantiff, and to retain her in the state's custody. The targeted conduct of these defendants is well outside of their legitimate role as advocates in presenting this case.[7] Count I Defendants were aware of what they were doing and why they were doing it.  Their plan and intent were to remove HW from her mother and to keep her in state's custody.   The defendants knew what the court would "want" to hear to grant the emergency removal order and what was needed to keep the state satisfied.

Each of Defendant participated, in their own way, in obtaining the removal order and retaining HW in State's custody…using false evidence, perjured testimony, threats and harassment.  And each of them knew their actions were not only wrong, but illegal.  Any reasonable TDFPS or TCH employee, h – or person for that matter -- in their situation, would know that one cannot be protected from blatant lies, perjury, or threats and harassment.  In *Hardwick*, the court stated that "it could not conceive of circumstances in which social workers would not know and understand that they could not use criminal behavior in any court setting to interfere with a person's fundamental constitutional liberty interests. [8] "Parents and children have a well-elaborated constitutional right to live together without governmental interference. That right is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency.[9]  The Supreme Court has long recognized that freedom of personal choice in matters of marriage and family life is one of the liberties protected by the Due Process Clause of the Fourteenth Amendment.[9]  The Court reiterated this theme three years later in *Moore* stating, "Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition.  It is through the family that we inculcate and pass down many of our most cherished values, moral and cultural."[10]  There is no such thing as a minor amount of actionable perjury or of false evidence that is somehow permissible.  Government perjury and the knowing use of false evidence are absolutely and obviously irreconcilable with the Fourteenth Amendment's guarantee of Due Process in our courts.[11]  Just as in *Hardwick*, Defendant Smith, Davis, Broussard-White, Polk, Graf, Quinones, Evans, Gomez, Saunders, Small, Martin, Graf and Lye's transgressions were not made under pressing circumstances requiring prompt action, or those

providing ambiguous or conflicting guidance.[12] There are no circumstances in a dependency proceeding that would permit government officials to bear false witness against a parent.[13] Also keep a child away from the parent without legal authority to do so and without being in imminent danger.

The actions and conduct of the Count I Defendants from September 6th, 2017 through September 14th, 2017, caused injury to Ajshay James.

As relief, Ajshay James seeks a declaratory judgment that the Count I Defendants' actions violated their rights to substantive due process and seeks compensatory damages, jointly and severally, against the Count I Defendants in an amount not less than $1,000,000 for each, Garden Variety Emotional Distress not less than $1,000,000 for each Defendant. Plaintiff seeks reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and any other relief, including, but not limited to, an award of costs, as this Court deems appropriate.

Given that the Count I Defendants acted intentionally, recklessly and/or with deliberate indifference to the consequences of their actions as set forth above Ajshay James seeks an award of punitive damages, individually, against the Count I Defendants.

### COUNT II:

### AJSHAY JAMES.'s 42 U.S.C. § 1983

### Claim for Violation of the Procedural Due Process Rights to

### Familial Associational Rights

The Plaintiff in Count II: Ajshay James

Defendants incorporate paragraphs A-F as if fully set forth herein.

The Count II Defendants Azelia Smith, Sherry Gomez, Katie C. Evans, Marilyn Polk Amy Small, Erica Davis, Shelly Martin, Cara G. Lye, Ricardo Quinones, Jeanine Graf, Candace J, Broussard-White, Monica Saunders are sued in their respective individual capacities, save for Small, Quinones, Graf, Evans and Lye.

Count II Defendants, acting , individually and in concert with one another, from September 6th 2017 through September 14th, 2017, violated Ajshay James's substantive due process rights to familial association, familial autonomy, familial integrity, and family privacy by arbitrarily separating HW from her mother and into state protective custody without possessing the requisite definite and articulable evidence giving rise to a reasonable suspicion that HW had been, or would be abused or neglected, by Ajshay James.


Moreover, by restricting Ajshay James parental rights, and by falsely representing the facts and legal basis upon which these conditions were imposed, they did not have a court order and they knew James was allowed to pick up HW but refused to allow her even after a failed attempt to obtain an emergency order of removal 9/9/2017 the Count I Defendants, acting individually and, in concert with one another, further violated Ajshay James's substantive due process rights to familial association, familial autonomy, familial integrity, and family privacy without the constitutionally requisite evidence required to impose such restrictions.
Defendants Smith, Davis, Polk, Broussard-White, Saunders, Martin, Quinones, Graf, Small and Lye, maliciously, fabricated evidence, threats and harassment, and an array of violations of the department's policies and procedures; and law to secure HW's removal from their mother and to retain her in the state's custody. The targeted conduct of these defendants is well outside of their

legitimate role as advocates in presenting this case.[7]  Count I Defendants were aware of what they were doing and why they were doing it.  Their plan and intent were to remove HW from her mother and to keep her in state's custody.  All 4 of them knew what the court would "want" to hear to grant the emergency removal order and what was needed to obtain an emergency removal.

Each Defendant participated, in their own way, in obtaining the removal order and retaining these children in state's custody…using false evidence, perjured testimony, and threats and harassment.  And each of them knew their actions were not only wrong, but illegal.  Any reasonable TDFPS or TCH employee, h – or person for that matter -- in their situation, would know that one cannot be protected from blatant lies, perjury, or threats and harassment.  In Hardwick, the court stated that "it could not conceive of circumstances in which social workers would not know and understand that they could not use criminal behavior in any court setting to interfere with a person's fundamental constitutional liberty interests. [8]  "Parents and children have a well-elaborated constitutional right to live together without governmental interference. That right is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency."[9]  The Supreme Court has long recognized that freedom of personal choice in matters of marriage and family life is one of the liberties protected by the Due Process Clause of the Fourteenth Amendment.[9]  The Court reiterated this theme three years later in Moore stating, "Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition.  It is through the family that we inculcate and pass down many of our most cherished values, moral

and cultural."[10]  There is no such thing as a minor amount of actionable perjury or of false evidence that is somehow permissible.  Government perjury and the knowing use of false evidence are absolutely and obviously irreconcilable with the Fourteenth Amendment's guarantee of Due Process in our courts.[11] Just as in Hardwick, Defendant Smith, Davis Polk, Gomez, Broussard-White, Saunders, Quinones, Small, Evans, Martin, Graf and Lye's transgressions were not made under pressing circumstances requiring prompt action, or those providing ambiguous or conflicting guidance.[12]  There are no circumstances in a dependency proceeding that would permit government officials to bear false witness against a parent.[13]  or to keep a child away from the parent without legal authority to do so and without being in imminent danger.

The actions and conduct of the Count II Defendants September 6th, 2017 through September 14th, 2017, caused injury to Ajshay James.

As relief, Ashjay James seek a declaratory judgment that the Count II Defendants' actions violated their rights to substantive due process and they seek compensatory damages, jointly and severally, against the Count II Defendants in an amount not less than $1,000,000 for each Garden Variety Emotional Distress not less than $1,000,000 for each Defendant Plaintiff; reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and any other relief, including, but not limited to, an award of costs, as this Court deems appropriate.

Given that the Count II Defendants acted intentionally, recklessly and/or with deliberate indifference to the consequences of their actions as set forth above Ajshay James seek an award of punitive damages, individually, against the Count II Defendants.

## COUNT III:

### AJSHAY JAMES's 42 U.S.C. § 1983  MONELL CLAIM

The Plaintiffs in Count III: Ajshay James

Defendants incorporate paragraphs A-F as if fully set forth herein.

The Count III Defendants Candace J. Broussard-White, Marilyn Polk, Monica Sanders, Sherry Gomez and Azelia Smith are sued in their respective individual capacities

Count III Defendants, acting, Individually and in concert with one another, from September 6th 2017 through September 14th, 2017, Arzelia Smith was the direct supervisor for Shelly Martin and Erika Davis and failed to properly train both on the warrant requirements under the 4th Amendment which all employees, per TDFPS policy are required to undergo. Smith also failed to train Davis and Martin on TDFPS policy's on removing children without a warrant or exigent circumstances and failed to train Davis on the procedures to release a child to a parent where a court refused to intervene because the circumstance did not warrant a removal.

The actions and conduct of the Count I September 6th, 2017 through September 14th, 2017, caused injury to Ajshay James.

As relief, Ajshay James seeks a declaratory judgment that the Count III Defendants' actions violated their rights to substantive due process and procedural due process because they failed to train Martin and Davis and seek compensatory damages, jointly and severally, against the Count III Defendants in an amount not less than $1,000,000 for each Garden Variety Emotional Distress not less than $1,000,000 for each Defendant Plaintiff; reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and any other relief, including, but not limited to, an award of costs, as this Court deems appropriate. Given that the Count III Defendants acted intentionally, recklessly and/or with deliberate indifference to the consequences of their actions as set forth above Ajshay James seek an award of punitive damages, individually, against the Count III Defendants.

**Questions of Fact:**

Determination of the following common questions of fact will resolve the following issue that is central to the validity of each one of the Plaintiffs, claims:

Did TDFPS's & Harris County policies and practices (September 6$^{t}$ , 2017 through September 14th , 2016), as practiced by the defendants, regarding the testifying and reporting of the defendants as to  AJSHAY J. depart from accepted professional judgment, practice, and standards for caseworkers?

Did the Defendant Arzelia Smith to maintain oversight and monitoring of Defendants  Martin and Davis (September 6th through September 14th, 2017), enough to ensure compliance with its own licensing standards and accepted professional judgment, practice, and standards?

Questions of Law:

Determination of the following common question of law will resolve the following legal issue that is central to the validity of each one of the Plaintiffs' claims:

Did TDFPS's and Harris County policies and practices September 6th through September 14th, 2017, as practiced by the Defendants, regarding the Defendants' testifying and reporting of the caseworkers for H.W mean that Ajshay J. J had been, and was at continuing risk of being, deprived of the substantive due process rights conferred upon them by the Fourteenth Amendment to the United States Constitution?

Did Texas Children's Hospital policies and practices September 6th through September 14th, 2017, as practiced by the Defendants, regarding the Defendants' testifying and reporting of matters related to H.W mean that Ajshay J. had been, and was at continuing risk of being, deprived of the substantive due process rights conferred upon them by the Fourteenth Amendment to the United States Constitution?

Did Defendant Graf and Quinone's failure to  train and/or maintain sufficient oversight and monitoring of Defendants Lye, Evans and Small mean that Ajshay J, had been, and was at

continuing risk of being, deprived of the substantive due process rights conferred upon them by the Fourteenth Amendment to the United States Constitution?

Did Defendant Smith's failure to maintain sufficient oversight and monitoring of Defendants Martin and Davis mean that Ajshay J, had been, and was at continuing risk of being, deprived of the substantive due process rights conferred upon them by the Fourteenth Amendment to the United States Constitution?

Did Defendants Gomez, Polk, Sanders and Broussard-Smith's failure to maintain sufficient oversight and monitoring of Defendants Smith, Martin and Davis mean that Ajshay J. had been, and was at continuing risk of being, deprived of the substantive due process rights conferred upon her by the Fourteenth Amendment to the United States Constitution?

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A.        Assert Jurisdiction over this action;

B.        Enter judgment in their favor on all counts and award the following relief against Defendants:

1.        Declaratory judgment that the Defendants violated AJSHAY J.'s constitutional rights.

2.        Compensatory damages, punitive damages, jointly and severally, exclusive of costs and interests, to with Plaintiff are found to be entitled; Such other relief as this Court deems just and equitable.

**DATED:** September 11th, 2019.

Respectfully Submitted,

Ajshay James

Pro Se

4126 Glenshire Drive,

Houston, Tx 77025

202-640-0545

Ajshay.james@yahoo.com