IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AJSHAY JAMES § | |
|    *Plaintiff*, § | |
| § | |
| v. § | Case No. 4:19-CV-03485 |
| § | |
| "AZELIA WALKER-SMITH," *et al.* § | |
|    *Defendants.* § | |

### DEFENDANTS ERICKA DAVIS' and SHELLY MARTIN'S SECOND AMENDED PARTIAL MOTION TO DISMISS

TO THE HONORABLE KEITH P. ELLISON:

Defendants Ericka Davis and Shelly Martin ("Davis and Martin") file this Second Amended Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 85). In support of their Motion, Defendants Davis and Martin would show the Court the following:

### I.
### INTRODUCTION

Plaintiff Ajshay James ("Plaintiff") filed her Second Amended Complaint, bringing claims against Defendants Davis and Martin in their *individual capacities only*, as well as other defendants. (Doc. 85, ¶¶ 5 and 10). Defendants Davis and Martin are employees of Child Protective Services, a division of the Texas Department of Family and Protective Services ("TDFPS"). (Doc. 85, ¶¶ 5 and 10). TDFPS is an agency of the State of Texas. TEX. HUMAN RES. CODE ANN. § 40.002. Plaintiff seems to allege the state torts of fraud and conspiracy to defraud. (Doc. 85, ¶ 61).

Plaintiff's state tort claims against Defendants Davis and Martin must be dismissed because they are barred by State Sovereign Immunity.

## II.
## STANDARD OF REVIEW

A complaint must be dismissed if the court lacks subject matter jurisdiction over the plaintiff's claim, FED. R. CIV. P. 12(b)(1), or if the plaintiff fails to state a claim upon which relief may be granted, FED. R. CIV. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under rule 12(b)(6). *See Home Builders Assoc. of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998).

To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[I]n order to save a complaint, and conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice…."). *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

## III.
## ARGUMENT AND AUTHORITIES

At this time, Defendants Davis and Martin ask this Court to dismiss only the state torts against them based on the Texas Tort Claims Act ("TTCA"). Plaintiff alleges state torts of Fraud and Conspiracy to Defraud. (Doc. 85, ¶ 61).

Plaintiff brings these claims against Defendants Davis and Martin who were state officials acting within the general scope of their employment. Whether Plaintiff approves of their methods

or not, Plaintiff admits that they were investigating allegations of child abuse. (Doc. 85, ¶ 1). Because of the TTCA, Plaintiff's tort claims against Defendants Davis and Martin are actually claims against them in their official, rather than individual capacities. When alleged state tort claims are based on conduct within the general scope of an individual's employment with a governmental unit and the plaintiff could have brought the claims against the employer, a suit against the employee is limited to an official capacity action notwithstanding any allegation that the plaintiff seeks to proceed against the employee in his or her individual capacity. TEX. CIV. PRAC. & REM. CODE § 101.106(f); *Graham v. Dallas Area Rapid Transit*, 288 F. Supp. 3d 711, 747 (N.D. Tex. 2017).

### A.  The State Tort Claims are Barred by the Eleventh Amendment

The Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas or its officials, regardless of the relief sought, unless state sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 121 (1984).

Plaintiff alleges state torts of Fraud and Conspiracy to Defraud. (Doc. 85, ¶ 61). Congress has not abrogated Texas' Eleventh Amendment immunity for breach of contract or tort claims, and Texas has not consented to suit in federal court. *See Duncan v. Univ. of Texas Health Science Ctr. at Hous.*, 469 F. App'x. 364, 366 & n.3 (5th Cir. 2012) (per curiam) (Texas contract and tort claims against a state university were barred by sovereign immunity).

When alleged state tort claims are based on conduct within the general scope of an individual's employment with a governmental unit and the plaintiff could have brought the claims against the employer, a suit against the employee is limited to an official capacity action notwithstanding any allegation that the plaintiff seeks to proceed against the employee in his or her individual capacity. TEX. CIV. PRAC. & REM. CODE § 101.106(f); *Graham v. Dallas Area Rapid*

*Transit*, 288 F. Supp. 3d 711, 747 (N.D. Tex. 2017).

B. **The Texas Tort Claims Act, Section 101.106(f)**

Section 101.106(f) of the Texas Tort Claims Act affords state employees governmental immunity. *Wilkerson v. Univ. of N. Tex.*, 878 F.3d 147, 159 (5th Cir. 2017). That statute provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE § 101.106(f). The Supreme Court of Texas interpreted the "general scope" language in that statute, determining that alleged conduct was within the general scope of employment unless a plaintiff alleged some independent course of conduct by a state officer that was not intended to serve any purpose of the employer. *Alexander v. Walker*, 435 S.W.3d 789, 791 (Tex. 2014) (per curiam). The pertinent question is not whether an allegedly tortious act was within Defendant Smith's scope of employment, but "whether [her] *general conduct*...was conduct that served *any purpose* of his employer." *Fink v. Anderson*, 477 S.W. 3d 460, 471 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (emphasis added).

Plaintiff has not alleged facts from which the Court could conclude that Defendants Davis' and Martin's actions were for the purpose of some independent motive, "not intended to serve any purpose of the employer." *Alexander*, 435 S.W.3d at 791.

It would strain all credibility for Plaintiff to suggest that the following acts would not serve any purpose of Child Protective Services:

1. Meeting with people who reported suspected child abuse or neglect (Doc. 85, ¶ 41);

2. Meeting with a parent regarding suspected child abuse or neglect and having the parent

    take the child to a hospital (Doc. 85, ¶ 46);

3. Speak with a parent about the situation (Doc. 85, ¶ 47);

4. Presenting a safety plan to a parent (Doc. 85, ¶ 49);

5. Attempting to get a court order for protection of a child (Doc. 85, ¶ 57);

6. Conversing with a parent (Doc. 85, ¶ 58);

7. Delivering a notice of removal paper to a parent (Doc. 85, ¶ 61); and

8. Drafting and signing an affidavit seeking removal of a child suspected of being abused and/or neglected (Doc. 85, ¶ 62).

TDFPS and Child Protective Services are in the business of trying to protect children who are abused and neglected. Thus, none of the actions allegedly taken by Defendants Davis and Martin were for the purpose of some independent motive, "not intended to serve any purpose of the employer." *Alexander*, 435 S.W.3d at 791.

Thus, Plaintiff is limited to official capacity tort actions against Defendants Davis and Martin, notwithstanding any intent expressed by the plaintiff to proceed against Defendants Davis and Martin in their individual capacities. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(f); *Graham v*, 288 F. Supp. 3d at 747.

**C.**    **Official Capacity State Tort Claims are Barred by Immunity**

The Texas Tort Claims Act "creates a limited waiver of sovereign immunity." *Smith v. Houston Indep. Sch. Dist.*, 229 F. Supp. 3d 571, 577 (S.D. Tex. 2017), quoting *Goodman v. Harris County*, 571 F.3d 388, 394 (5th Cir. 2009).

However, the Texas Torts Claim Act does not waive Texas' sovereign immunity for intentional torts. *See* TEX. CIV. PRAC. & REM. CODE § 101.057(2) ("This chapter does not apply to a claim ... arising out of assault, battery, false imprisonment, or any other intentional tort...."); *see*

*also Goodman*, 571 F.3d at 394 ("Furthermore, the TTCA does not apply to claims arising out of an intentional tort.").

"[F]raud is an "intentional tort" for which the TTCA provides no waiver of immunity." *LTTS Charter School, Inc. v. Palasota*, 362 S.W.3d 202, 209 (Tex. App.-Dallas, 2012, no pet.), citing *Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 219 (Tex. App.-Houston [14th Dist.] 2008; *Sanders v. City of Grapevine*, 218 S.W.3d 772, 779 (Tex. App.-Fort Worth 2007).

As a matter of law, any state law based fraud claim is barred by Texas' sovereign immunity. *See Valentine v. City of Austin*, No. A-15-CV-482-RP-ML, 2015 WL 12942440, at *5 (W.D. Tex. Nov. 10, 2015), *report and recommendation adopted in part*, No. 1-15-CV-482 RP, 2016 WL 7756808 (W.D. Tex. Jan. 20, 2016), *aff'd*, 668 F. App'x 128 (5th Cir. 2016), citing *Gillum v. City of Kerrville*, 3 F.3d 117, 123 (5th Cir. 1993), *cert. denied*, 510 U.S. 1072 (1994) ("This provision [§ 101.057] shields municipalities from suits arising out of intentional torts committed by governmental employees and should be liberally construed to accomplish this objective.") (citations omitted); *Seureau v. Exxon Mobil Corp.*, 274 S.W.3d 206, 219 (Tex. App.—Houston 2008, no pet.) ("[T]he Legislature has not waived immunity with respect to the intentional tort of fraud.").

Accordingly, the state torts brought against Defendants Davis and Martin in this litigation are brought against them in their official capacities only, pursuant to TEX. CIV. PRAC. & REM. CODE § 101.106(f). See *Graham*, 288 F. Supp. 3d at 747. As such, they are barred by the Eleventh Amendment, depriving the Court of subject matter jurisdiction. The tort claims should be dismissed, pursuant to FED. R. CIV. P. 12(b)(1).

## IV.
## CONCLUSION

This Court should partially dismiss Plaintiff's lawsuit (the state tort claims brought against Defendants Davis and Martin) for the reasons stated hereinabove. Defendants Davis and Martin have immunity to Plaintiff's claims.

WHEREFORE, Defendants Ericka Davis and Shelly Martin pray that the tort claims against them be dismissed, pursuant to Federal Rule 12(b) and that Plaintiff takes nothing by her suit.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief - General Litigation Division

/s/ Scot M. Graydon
**SCOT M. GRAYDON**
Texas Bar No. 24002175
Southern District No. 719112
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax: (512) 320-0667
Scot.Graydon@oag.texas.gov

*ATTORNEYS FOR DEFENDANTS ARZELIA SMITH,*

SHELLY MARTIN AND ERICKA DAVIS

## **CERTIFICATE OF SERVICE**

I certify that a copy of the above *Defendant Davis' and Martin's Second Amended Partial Motion to Dismiss* was served on the **29th day of July, 2020**, upon all parties via the ECF filing system.

/s/ Scot M. Graydon
**SCOT M. GRAYDON**
Assistant Attorney General